UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

WILLIAM R. GEIST, JR.,

Plaintiff,

v.

THE STATE OF MINNESOTA,

Defendant.

Civil No. 02-208 (ADM/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to

FILED JAN 30 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

In this case, Plaintiff's complaint is merely a disjointed collection of phrases and statutory citations. It provides no explanation of why Plaintiff is attempting to sue the named Defendant -- the State of Minnesota; nor does it describe the relief (if any) that Plaintiff is seeking.

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s). Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (emphasis added); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Plaintiff's present complaint does not include any factual allegations describing any specific historical events, or any specific acts or omissions attributable to Defendant. It is therefore readily apparent that, even with the benefit of liberal construction, the instant complaint fails to state any claim on which relief can be granted.

Furthermore, the complaint does not adequately identify any legal grounds for granting relief to Plaintiff. The complaint cites numerous statutes, but it does not explain how any of those statutes might be relevant to any cause of action that Plaintiff might be trying to plead. Plaintiff has not described (expressly or implicitly) any legal principle or theory on which a claim against Defendant could be based. For this additional reason, the

---

determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

complaint fails to state a cause of action on which relief can be granted.

Moreover, virtually all of the statutes cited in the complaint are state statutes, rather than federal. Because Plaintiff has not explained how this case involves any federal legal issue, there does not appear to be any grounds for subject matter jurisdiction in this case under 28 U.S.C. § 1331.[2] The case is therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.[3]

Finally, Plaintiff's claims against the State of Minnesota -- the only named Defendant in this action -- are not legally cognizable because the State is immune from suit. The Eleventh Amendment prohibits individuals from suing states in federal court, unless the state has consented to being sued, (Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam)), or Congress has abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Plaintiff's complaint includes no allegations suggesting that the State of Minnesota has consented to be sued in this matter, and Plaintiff has not identified any act of Congress that would abrogate the State's immunity. Therefore, Plaintiff's claims against the State of Minnesota are barred by the Eleventh Amendment.

---

[2] Federal jurisdiction cannot be invoked based on diversity of citizenship, (see 28 U.S.C. § 1332), because it appears that both Plaintiff and Defendant are Minnesota residents.

[3] According to Fed. R. Civ. P. 12(h)(3), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

For all of the reasons mentioned above, the Court concludes that Plaintiff has failed to plead a cause of action that can be entertained in federal court. It will therefore be recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed.

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

Dated: January 30th, 2002

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.