**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

William R. Geist, Jr.,

Plaintiff,

vs.

The State of Minnesota,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 02-208 ADM/AJB

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff William R. Geist's ("Plaintiff") Objections [Doc. No. 5] to the January 30, 2002, Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan [Doc. No. 4]. The R&R recommended that Plaintiff's Application to Proceed Without Payment of Fees [Doc. No. 2] be denied, and that the action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3). For the reasons set forth below, the R&R is accepted. The procedural posture of this case is adequately set forth in the R&R and is incorporated by reference for the purposes of Defendant's present objections.

## II. DISCUSSION

A district court shall make an independent, *de novo* evaluation of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

Judge Boylan's R&R recommended denying Plaintiff's application to proceed *in forma*

APR 22 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD APR 22 2002
DEPUTY CLERK

*pauperis* because Plaintiff's Complaint failed to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). The R&R observed that Plaintiff's Complaint was merely a disjointed collection of phrases and statutory citations. R&R at 2. The R&R recited four independent bases for dismissing Plaintiff's claim. First, no facts were alleged in the Complaint which, if proven true, would entitle Plaintiff to legal relief against the named defendant. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). Second, the Complaint did not adequately identify any legal grounds for granting relief. Third, Plaintiff cited no federal statute and identified no federal issue sufficient to give rise to subject matter jurisdiction under 28 U.S.C. § 1331. See Fed. R. Civ. P. 12(h)(3). Finally, Plaintiff's claims against the State of Minnesota are barred by the Eleventh Amendment, which immunizes a State from lawsuits by individuals in federal court.

A reading of Plaintiff's Objections reveals no basis for rejection of the R&R. The Objections recite a number of alleged occurrences dating back to 1964, but do not specify a basis for objection to the R&R. With his Objections, Plaintiff also filed an "Amended Complaint" [Doc. No. 6], adding the United States of America as a defendant. The Amended Complaint, however, is as unintelligible as Plaintiff's original Complaint, and fails to state a claim on which relief can be granted. Plaintiff's Objections are denied, and the R&R is adopted.

## III. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Doc. No. 5] to the R&R are **DENIED**,
2. The R&R [Doc. No. 4] is **ADOPTED**,
3. Plaintiff's Application to Proceed Without Prepayment of Fees [Doc. No. 2] is **DENIED**, and
4. The Amended Complaint [Doc. No. 6] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: April 22, 2002

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.